HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE PARKER III,<br><br>    Plaintiff,<br><br>v.<br><br>BREMERTON FBI, BREMERTON<br>POLICE DEPARTMENT,<br><br>    Defendants. | CASE NO. C14-5944 RBL<br><br>ORDER DENYING MOTION TO<br>PROCEED IFP AND FOR<br>APPOINTMENT OF COUNSEL<br><br>[Dkt. #1] |

THIS MATTER is before the Court on Plaintiff Parker's Motion for Leave to Proceed *in forma pauperis*. [Dkt. #1]  Parker claims the "Bremerton FBI" and the "Bremerton Police Department" have broadly discriminated against him because of his race.  He claims he has been pulled over, detained, and arrested.  He claims that when he reports that others have assaulted him, he has been arrested himself, instead.  Parker's various filings also make vague allegations about surveillance, but his proposed amended complaint appears delete the Bremerton FBI as a defendant. [Dkt. #4].

Mr. Parker's complaint is difficult to read and to comprehend, but, liberally construed in his favor, it appears that he alleges racial discrimination on the part of the Bremerton Police Department, generally.  He does not recite the dates or locations of the incident(s), and he does

1  not name or describe the conduct of any individual actor.  His proposed amended complaint does

2  not cite any legal basis for his general discrimination claim.

3        A district court may permit indigent litigants to proceed *in forma pauperis* upon

4  completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  The court has broad

5  discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil

6  actions for damages should be sparingly granted."  *Weller v. Dickson*, 314 F.2d 598, 600 (9th

7  Cir. 1963), *cert. denied* 375 U.S. 845 (1963).  Moreover, a court should "deny leave to proceed

8  *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the

9  action is frivolous or without merit."  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369

10  (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis*

11  complaint is frivolous if "it ha[s] no arguable substance in law or fact."  *Id.* (citing *Rizzo v.*

12  *Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.

13  1984).

14        A *pro se*'s complaint is liberally construed, but like any other complaint it must

15  nevertheless contain factual assertions sufficient to support a facially plausible claim for relief.

16  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell*

17  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A

18  claim for relief is facially plausible when "the plaintiff pleads factual content that allows the

19  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

20  *Iqbal*, 556 U.S. at 678.

21        Generally, under § 1983, a *person* can be sued for constitutional violations committed

22  under the color of state law.  A state and its agencies are not a person under § 1983.  *See*

23  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).  Additionally, a plaintiff

24

1  cannot assert a 42 U.S.C. § 1983 claim against any defendant who is not a state actor.  *See West*

2  *v. Atkins*, 487 U.S. 42, 48 (1988).  This determination is made using a two-part test: (1) "the

3  deprivation must . . . be caused by the exercise of some right or a privilege created by the

4  government or a rule of conduct imposed by the government;" and (2) "the party charged with

5  the deprivation must be a person who may fairly be said to be a *governmental actor*."  *Sutton v.*

6  *Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (emphasis added).

7       Mr. Parker's proposed amended complaint does not meet these standards.  First, there is

8  simply not enough factual detail about the incident(s) to plausibly state a claim for

9  discrimination.  Nor has Mr. Parker identified the legal basis for his claim, or for this court's

10  jurisdiction over it.  He has not identified (or sought to sue) any "person" who discriminated

11  against him.

12       In order to set forth a claim against a municipality (or here, the Bremerton Police

13  Department) under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or

14  agents acted through an official custom, pattern or policy that permits deliberate indifference to,

15  or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct.  *See Monell*

16  *v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946

17  F.2d 630, 646–47 (9th Cir. 1991).  Under *Monell*, a plaintiff must allege (1) that a municipality

18  employee violated a constitutional right; (2) that the municipality has customs or policies that

19  amount to deliberate indifference; and (3) those customs or policies were the "moving force"

20  behind the constitutional right violation.

21       Mr. Parker has not identified any custom policy or practice of the Bremerton Police

22  Department that cause any constitutional or other violation of his rights.

23

24

[DKT. #1] - 3

1    Parker's motion to proceed *in forma pauperis* is DENIED. **Plaintiff shall pay the filing**

2    **fee, or submit a second proposed amended complaint addressing these deficiencies within**

3    **21 days or the case will be dismissed without further notice.**  The amended complaint should

4    articulate what each defendant *actually did* that is actionable discrimination—the "who what

5    when where and why" of his claim, as well as the legal basis for it, and for the court's

6    jurisdiction over it.

7    Mr. Parker also asks the Court to appoint an attorney to represent him in this matter.

8    An indigent plaintiff in a civil case has no constitutional right to counsel unless he may

9    lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S.

10   18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint

11   counsel for indigent litigants who are proceeding *in forma pauperis. United States v.*

12   *$292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

13   The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v.*

14   *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances

15   requires an evaluation of both the likelihood of success on the merits and the ability of the

16   plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved."

17   *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together

18   before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

19   For the reasons outlined above, Mr. Parker has not established any likelihood of success

20   on the merits of his claim, and he has not shown the "exceptional circumstances" required for

21

22

23

24

1    this court to appoint an attorney at public expense to represent him in asserting these claims.  His

2    Motion for Appointment of Counsel is similarly DENIED.

3        IT IS SO ORDERED.

4        Dated this 19th day of February, 2015.

5

6                                   _____

7                                     RONALD B. LEIGHTON
                                      UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24