HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE PARKER III,<br><br>               Plaintiff,<br><br>    v.<br><br>BREMERTON FBI,<br><br>               Defendant. | CASE NO. C14-5944 RBL<br><br>ORDER DENYING SECOND APPLICATION TO PROCEED IN FORMA PAUPERIS |

THIS MATTER is before the Court on Plaintiff George Parker III's second application to proceed *in forma pauperis*, supported by his proposed amended complaint [Dkt. #s 11 & 12]. Plaintiff's previous application was denied for failure to state a plausible claim, and because his proposed §1983 complaint did not identify any state actors, or identify with specificity the acts of discrimination (or surveillance) that formed the basis for his complaint. Mr. Parker's request for a court-appointed attorney was also denied. [Dkt. #5] Mr. Parker appealed the court's order, but withdrew that appeal and filed a second IFP application, supported by a proposed amended complaint with a variety of police reports as exhibits.

1   Mr. Parker has since informed the court's staff (in an *ex parte* telephone communication)
2   that he wanted to further supplement the record, apparently in an effort to explain that the police
3   reports are inaccurate or no longer exist.
4   The reports appear to reflect that Bremerton police responded to calls involving Mr.
5   Parker on July 20, 2006; May 7, 2008; July 25, 2008; March 22, 2010; July 20, 2011; February
6   8, 2012; and April 5, 2012.   Each involved complaints of harassment or assault based on
7   fighting or loud arguing, and in some cases apparent intoxication.  Parker was arrested for assault
8   on July 20, 2006 (for fighting with a man named Ryan Doering) and for assault on July 25, 2008
9   (for fighting with a man named Martin Sekyra).  The May 2008 incident also was triggered by a
10  fight with Mr. Sekyra, though both Sekyra and Parker chose not to press charges.   The records
11  appear to show that, in December 2008, prosecutors declined to pursue charges related to the
12  May 2008 incident.
13  Parker's complaint alleges that the Bremerton FBI[1] and the Bremerton Police Department
14  have been "harassing" him (and have had him under surveillance) since 2006.  He claims he lost
15  his apartment and "everything else" due to racial discrimination generally, but he does not tie
16  that loss to either of the defendants in this case, or to his claims of harassment and surveillance.
17  He has not named any individual defendants, and he has not explained how the non-party
18  Vintage Apartments (which apparently evicted him) relates the police department or the FBI, or
19  why those entities are liable for the wrongful conduct of the apartment owner or manager.

---

[1] Mr. Parker commenced another lawsuit in this District, alleging similar surveillance and harassment, over the same time period, by the *Seattle* FBI.   *See Parker v. Seattle Federal Bureau of Investigations*, 12-cv-0152RSL. That case was dismissed because the court did not have jurisdiction over it and because he "has not alleged facts from which a plausible claim for relief against a federal agency can be inferred."  *See* Dkt. # 6 in that case.  His claims against the FBI in this case (which are supported by no factual allegations) are similarly flawed.

Parker seeks *in forma pauperis* status and asks the court to appoint an attorney to pursue the case for him.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Mr. Parker's proposed amended complaint does not meet this is standard. First, he has failed to identify the legal basis of any plausible, viable claim over which this court would have jurisdiction. The printed portion of his complaint references 42 U.S.C. §1983—a claim over which the court could conceivably have jurisdiction—but he does not tie the harassment or the surveillance of which he complains to any constitutional right or to any particular person. Other than saying he has been under surveillance, he has alleged no factual support for this claim.

Parker also complains about discrimination generally, but the complaint appears to be directed at the population of Bremerton generally ("It all started when white people started jumping on Blacks in Bremerton"). He has not alleged any false arrest claims, and he has not alleged facts which could support any such constitutional claim.

Even if Parker had alleged facts supporting plausible constitutional violations, if and to the extent they are based on incidents described in the police reports, all but the 2012 incidents are time-barred. In Washington, a §1983 claim must be commenced within three years of the date the claim accrues. Parker's arrests involved incidents in 2006 and 2008—far more than three years before he sought to commence this action.

§1983 itself contains no statute of limitations. Federal courts instead "borrow" §1983 limitations periods from analogous state law. Specifically, they borrow the state's "general or residual statute for personal injury actions." *Owens v Okure*, 488 U.S. 235, 250 (1989). In Washington, that statute is RCW 4.16.080(2), which is a three-year limitations period. *Bagley v CMC Realty Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

The court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Parker's proposed amended complaint fails to state a claim upon which relief may be granted. He is not entitled to *in forma pauperis* status under 28 U.S.C. §1915(e)(2)(B)(i) and (ii). Because he cannot cure the jurisdictional defect in his claims against the Bremerton FBI, those claims are DISMISSED. Because he cannot cure the timeliness defect, Parker's §1983 claims based on events prior to December 2, 2014 are similarly DISMISSED.

His *in forma pauperis* application as to any remaining timely claims is **DENIED** and he must pay the filing fee within **30 days** or file a proposed second amended complaint. If he does not the remainder of the case will be dismissed. Any proposed amended complaint MUST identify and articulate:

- The names of the individuals who harassed or "surveilled" (or discriminated against) him;
- The dates and places where these events occurred;
- The factual and legal basis for (and the nature of) the claim against the defendants, including the relief sought and a basis for awarding it; and
- The basis for this court's jurisdiction over the parties and the claims.

In other words, the Complaint must tell a "who what when where and why" story that states a viable, plausible, and timely legal claim against a proper defendant, over which this court has subject matter jurisdiction.

Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under §1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Parker cannot demonstrate any likelihood of success on the claims and facts alleged in his proposed amended complaint. His Motion for a court-appointed attorney is DENIED. There are resources for obtaining free or low cost legal assistance, including a legal clinic operated by the

Federal Bar Association. Information about these clinics can be found at this link http://www.wawd.uscourts.gov/pro-se or at 206 819 5084.

Finally, Mr. Parker is instructed and reminded that *ex parte* (private) communications with the court or its staff over the substance of his claims, the court's rulings, or the merits of his case are not permitted and are not proper. The only proper way to communicate with the court is in a **writing** (preferably typed, but at least legible), filed with the Clerk's office.

IT IS SO ORDERED.

Dated this 25th day of September, 2015.

*Ronald B. Leighton* (signature)

Ronald B. Leighton
United States District Judge